UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLEN FLEMING                                                                                                    Plaintiff

v.                                                                                        Civil Action No. 3:19-cv-00125-RGJ

DONNIE TINNELL, et. al.                                                                                      Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Glen Fleming's ("Fleming") Motion to Amend [DE 13] and Donnie Tinnell, Floyd Cook, and Dale Pressley's ("Defendants") Motion to Dismiss, [DE 5] and Motion to Strike Plaintiff's Affidavit Attached to Reponses to Defendant's Motion to Dismiss, [DE 10]. Briefing is complete. [DE 9, 11, 12, 14, 15]. The matter is now ripe. For the reasons below, the Motion to Amend is **GRANTED in PART and DENIED in PART** and the Motion to Dismiss and the Motion to Strike Plaintiff's Affidavit Attached to Reponses to Defendant's Motion to Dismiss are **DENIED as MOOT**.[1]

**I.    Background**

On December 11, 2017, Plaintiff, Glen Fleming ("Fleming") was arrested for possession with intent to distribute marijuana. [DE 13-1, ¶10–16]. The alleged basis for arrest was the discovery of a pound of marijuana found in an auto shop that Fleming used to operate. [*Id.*, ¶¶10–13; DE 5-1 at 68]. The case was dismissed without a hearing on December 18, 2017 (the "First Prosecution"). [DE 13-1, ¶ 18]. Two days later, Fleming was indicted by the Bullitt County Grand

---

[1] Because the Court is permitting Fleming to amend his complaint, that amended complaint will subsume the allegations in the original complaint. As a result, the Motion to Dismiss and the Motion to Strike Plaintiff's Affidavit Attached to Reponses to Defendant's Motion to Dismiss are denied as moot. *See Hull v. Rawlings Co., LLC*, 3:18-CV-00772-GNS, 2019 WL 1767893, at *2 (W.D. Ky. Apr. 22, 2019) (citing *Herran Props., LLC v. Lyon Cty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (W.D. Ky. Dec. 13, 2017)).

Jury with felony trafficking in marijuana. [*Id.*, ¶ 19]. He was arraigned on January 5, 2018 and released on his own recognizance. [*Id.*]. This case was dismissed on February 20, 2018 on Bullitt County's motion (the "Second Prosecution").[2] [*Id.*, ¶ 21].

Fleming alleges that his arrest and prosecution were in response to his "opposition to Mr. Tinnell, the former Sheriff, and his political allies including the County Judge Executive, Melanie Roberts, who is a relative of Donnie Tinnell by marriage, was the basis of the Sheriff's Office of Bullitt County office." [DE 13-1, ¶ 41]. "Donnie Tinnell was acting as Sheriff of Bullitt County on the date of Mr. Fleming's arrest and during the course of his prosecution." [*Id.*, ¶ 26]. Fleming asserts that "he had recently made arrangements to sell his business." [*Id.*, ¶ 10]. Fleming explained to the officers at the scene that

> he was closing up and selling to Mahammed and Mustic. He further explained that he had already moved out of the building except for some personal items in the front office which he was there to remove from the premises. He also informed the Agent that he had no knowledge of any marijuana which the agent alleged to Mr. Fleming was in a back room of the premises. Finally, Mr. Fleming indicated to Agent Reccius that he had seen Mahammed or Mustic carry a sidearm though he did not remember who and that they had approached him about two guns they wished to sell and that he had referred them to a licensed gun dealer local to Shepherdsville.

[*Id.*, ¶13]. Fleming argues that there was no probable cause to arrest or charge him.

As a result, Fleming filed a complaint ("Complaint") on December 11, 2018 asserting violations of his Fourth Amendment rights under 42 U.S.C §1983 and Section Ten of the Kentucky Constitution for unlawful seizure by Officer Cook, Deputy Pressley, and Sheriff Tinnell.[3] He also alleges false imprisonment and malicious prosecution against those individuals. Fleming issued

---

[2] The proposed amended complaint also alleges that this count was dismissed on February 15, 2018. [DE 13-1, ¶ 36].
[3] The proposed amended complaint omits the claims brought pursuant to the Kentucky Constitution.

2

summons on February 1, 2019. [DE 15 at 160]. Defendants moved to dismiss [DE 5], which is still pending. Fleming now seeks to amend his Complaint. [DE 13].

## II. Legal Standard

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Ordinarily, a court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis,* 371 U.S. 178, 182 (1962). Whether or not to allow an amended pleading under Rule 15(a) is committed to the Court's discretion. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). The Sixth Circuit has explained that Rule 15 reflects a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). "Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *1 (W.D. Ky. Oct. 4, 2016) (citing *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961)). "[A] motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (internal quotations marks, emphasis & citation omitted).

## III. Discussion

Defendants argue that the requested amendment is futile. To determine whether an allegation is futile, the Court must "conduct a cursory review of the newly presented allegations

and issues." *Flinn v. R.M.D. Corp.*, No. 3:11-CV-00386-H, 2012 WL 694037, at *2 (W.D. Ky. Mar. 1, 2012). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Kyrkanides v. Univ. of Kentucky*, No. 5:19-CV-80-REW, 2019 WL 6135049, at *3 (E.D. Ky. Nov. 19, 2019) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)); *Riverview Health Inst. LLC v. Med. Mutual of*, 601 F.3d 505, 520 (6th Cir.2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

    A. <u>The claims relating to the December 18, 2017 prosecution are time-barred</u>.

"State law determines the appropriate statute of limitations for § 1983 claims[, but] the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Chandler v. Louisville Jefferson Cty. Metro Gov't*, No. 3:10-CV-470-H, 2011 WL 781183, at *3 (W.D. Ky. Mar. 1, 2011). Under Kentucky law, the statute of limitations for a § 1983 claim is one year. *Id.* In a "malicious-prosecution claim under § 1983, a plaintiff must show that the criminal proceeding was resolved in [his] favor. . . . Hence, the statute of limitations in such an action does not begin to run until the plaintiff knows or has reason to know of such favorable termination." *Thieneman v. Smith*, No. 3:17-CV-292-DJH, 2018 WL 1522357, at *5 (W.D. Ky. Mar. 28, 2018) (internal citations and quotations omitted); *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "A dismissal of charges satisfies the favorable-resolution element so long as the dismissal is based upon innocence and not the result of any settlement or compromise with the prosecutor." *Thieneman*, 2018 WL 1522357, at *5. As a result, Fleming must have commenced his malicious prosecution action within one year of the favorable resolution of the December 18, 2017 prosecution. Kentucky law provides that "[a]n action shall

4

be deemed to commence on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." KRS 413.250.

Here, the parties appear to agree that claims stemming from the First Prosecution are time-barred. [DE 9-1 at 96]. That said, the claims stemming from Fleming's Second Prosecution are not time-barred because the statute of limitations did not accrue until February 20, 2018.[4] For that reason, Fleming's issuance of the summons on February 1, 2019 was timely. To the extent that Fleming's claims relate only to the First Prosecution they are time-barred and amendment would be futile. Therefore, the Court will not permit Fleming's claims related to the First Prosecution.

B. <u>Fleming's Individual Claims Against the Defendants are Not Barred by Qualified Immunity Defense</u>.

"Qualified immunity protects 'government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2016 WL 8731438, at *3 (E.D. Ky. Apr. 29, 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "If no reasonably competent officer would have taken the same action, then qualified immunity should be denied; however, 'if officers of reasonable competence could disagree on [the legality of the action], immunity should be recognized.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Plaintiff has the burden of establishing that defendants are not entitled to qualified immunity. *O'Malley v. Flint*, 652 F.3d 662, 667 (6th Cir. 2011).

To determine whether qualified immunity precludes an action "courts engage in a two-part inquiry: First, taken in the light most favorable to the party asserting the injury, do the facts alleged

---

[4] Even if the case was dismissed on February 15, 2018, the summons issued February 1, 2019 would still be timely.

show that the [official]'s conduct violated a constitutional right? Second, is the right clearly established?" *Estep v. Combs*, 366 F.Supp.3d 863, 878 (E.D. Ky. 2018) (internal citations and quotations omitted); *see also Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). To be clearly established, the right must be "so clearly established in a particularized sense that a reasonable officer confronted with the same situation would have known that his conduct violated that right." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

Defendants argue qualified immunity bars Fleming's claims against the Defendants in their individual capacity because probable cause existed. [DE 15 at 165]. Defendants argue that the fact that a pound of marijuana was found in Fleming's place of business is a sufficient basis for the Court to find as a matter of law that the Defendants had probable cause. [*Id.* at 166; DE 5-1 at 67–68]. In response, Fleming argues that the Defendants knew or should have known that he "no longer operated the business and that he had moved out of the auto body shop. His mere presence at the time that the officers executed a warrant . . . is insufficient to establish probable cause." [DE 9-1 at 99–100]. He also alleges that the prosecutor on the case stated that "the continued prosecution of [the] case was based upon misinformation that had been relayed to the Honorable Shelly Alvey via the Bullitt County Sheriff's Office and it's deputies." Specifically, he alleges that the prosecutor "had been told repeatedly by the Bullitt County Sherriff's office and its deputies that Mr. Fleming was the subject of an ongoing Federal investigation. This was not true." [DE 13-1, ¶37].

As the Sixth Circuit has cautioned "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Buddenberg v. Weisdack*, 939 F.3d 732, 738–39 (6th Cir. 2019). Based on the allegations, it is at least plausible that the Defendants did not have probable cause to arrest Fleming or that they did not have probable cause

to continue the prosecution of the case. For that reason, it is premature to determine whether the Defendants are entitled to qualified immunity and Fleming's amendments related to the individual claims, not time barred will be permitted. Therefore, Fleming may amend his claims related to the Second Prosecution against Defendants in their individual capacity.

C. Fleming failed to allege a policy or custom employed by Bullitt County that led to his injuries.

Fleming also alleges that the Defendants are liable for his injuries in their official capacities. Defendants argue, and Fleming agrees, that his claims against the Defendants in this context is more appropriately brought as a claim against Bullitt County. [DE 9-1 at 98]. The Court will interpret Fleming's allegations as being against Bullitt County. "[T]o demonstrate municipal liability, [Fleming] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[A]n isolated occurrence affecting only" Fleming would not amount to a policy or custom of Bullitt County. *Matthews v. LMPD*, No. 3:19-cv-P581-RGJ, 2019 WL 5549209 (W.D. Ky. Oct. 25, 2019).

Fleming alleges that his "political activism," including his opposition to former Sheriff Tinnell, the acting sheriff at the time of the allegations, and his various political allies "was the basis of the Sheriff's Office of Bullitt County office causing both the arrest of his person and the institution and continuation of criminal charges against him." [DE 13-1 at 135–36]. He alleges that "[s]uch activity amounts to a culture of corruption in Bullitt County." [*Id.*]. Even so, Fleming's allegations relate only to the Defendants' treatment of him. He does not allege that others were similarly treated or that his treatment amounts to more than an "an isolated occurrence affecting only" him. Thus, Fleming has not alleged that his treatment resulted from a policy or

custom of Bullitt County. Therefore, the Court will not permit Fleming's claims against Bullitt County.

## IV. Conclusion

For these reasons, **IT IS ORDERED** that Fleming's Motion for Leave to Amend Complaint [DE 13] is **GRANTED in PART and DENIED in PART**. Defendant's Motion to Dismiss [DE 5] and the Motion to Strike Plaintiff's Affidavit Attached to Reponses to Defendant's Motion to Dismiss [DE 10] are **DENIED as MOOT.** Fleming is **ORDERED** to file an Amended Complaint consistent with the above rulings **within 10 days of this ORDER**.