UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:19-CV-00125-RGJ-CHL

GLEN FLEMING,                                                                                        Plaintiff,

v.

DONNIE TINNELL, et al.,                                                                    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Amend Scheduling Order filed by Plaintiff Glen Fleming ("Fleming").  (DN 48.)  Defendants filed a response.  (DN 50.)  Fleming did not file a reply and his time to do so has expired.  Therefore, this matter is ripe for review.

For the reasons set forth below, Fleming's Motion to Amend Scheduling Order (DN 48) is **GRANTED**.

## I.      BACKGROUND

### A.      Procedural History

Fleming filed the instant action in state court on December 11, 2018, and Defendants removed it to this Court on February 19, 2019.  (DNs 1, 1-2.)  Defendants then filed a Motion to Dismiss (DN 5) and Fleming filed a Motion to Amend (DN 13).  On March 16, 2020, the Court granted Fleming leave to amend in part and denied Defendants' Motion to Dismiss as moot.  (DN 17.)  After Defendants had responded to the Amended Complaint (DN 19), the Court entered an Order for Meeting and Report directing the Parties to meet and confer pursuant to Rule 26(f) to develop a case management plan and set a Rule 16 case management conference for July 16, 2020. (DN 23.)  The Parties filed their Rule 26(f) Report on May 29, 2020, and the Court ultimately remanded the case management conference and entered a scheduling order based on their plan on

August 5, 2020.[1]  (DN 26.)  The initial scheduling order adopted the Parties' proposal in their Rule 26(f) Report and set the Parties' deadline to complete fact discovery for January 15, 2021.  (*Id.*)

On November 24, 2020, prior to the close of fact discovery proposed by the Parties and adopted by the Court, Defendants filed a Motion for Summary Judgment.  (DN 31.)  Fleming filed both a response and Motion to Remand this matter to state court.  (DNs 36, 37.)  As part of his response, Fleming argued that summary judgment was not appropriate because discovery was not yet complete in this matter, and he requested additional time to complete discovery pursuant to Fed. R. Civ. P. 56(d).  (DN 36, at PageID # 347; DN 36-4.)  Both the Motion for Summary Judgment (DN 31) and the Motion to Remand (DN 37) remain pending before this Court.  On the same day that Fleming filed his response and Motion to Remand, the Parties filed a Joint Motion to Amend Scheduling Order requesting an extension of deadlines that stated, "For various reasons, including dealing with COVID-19 restrictions, the parties are unable to meet the remaining deadlines." (DN 38.)  The Court granted the motion, extending fact discovery through March 15, 2021, as requested by the Parties.  (DN 39.)

On March 5, 2021, the Court held a telephonic status conference to discuss a dispute between the Parties regarding the schedule.  (DN 47.)  Fleming indicated that he requested additional time to complete discovery, which Defendants opposed, and Defendants requested a stay of any discovery, including their deadline to respond to written discovery served by Fleming, pending a ruling on their Motion for Summary Judgment and Fleming's Motion to Remand.  (*Id.*)  The Court directed the Parties to brief the issues.

---

[1] The Parties' Rule 26(f) Report does not state that date on which they met and conferred pursuant to Rule 26(f).  It merely states that they conferred via e-mail.  (DN 24.)  However, in his instant motion, Fleming indicates that the Parties conducted their meeting the same day they filed their report.  (DN 48-1, at PageID # 422.)

### B.     The Instant Motion

In his instant motion, Fleming requested additional time to complete written discovery, take the depositions of the three named Defendants, and subpoena relevant documents from the Bullitt County Sheriff's Office.  (DN 48-1.)  Fleming indicated that he responded to written discovery from Defendants on October 6, 2020.  (*Id.* at PageID # 422.)  Fleming requested the depositions of the named Defendants on January 4, 2021, and served written discovery on Defendants on January 11, 2021.  (*Id.* at 423; DNs 48-2, 48-3, 48-4, 48-5.)  Fleming also served notice of his intent to subpoena certain documents from the Bullitt County Sheriff's office around that same time.  (DN 48-1, at PageID # 423.)  Fleming contended that Defendants objected to the subpoena as well as to the need to respond to written discovery and sit for depositions given the procedural posture of the case.  He emphasized that at the time he served his written discovery and requested depositions, there was sufficient time to complete the same prior to the expiration of the discovery period if Defendants had not objected.  (*Id.* at 427.)  While he admitted that Defendants are not forced to wait until the conclusion of fact discovery to file a motion for summary judgment, he argued that failing to allow additional time for fact discovery here would deprive him of "the opportunity to discovery [*sic*] the facts that will enable him to defeat summary judgment."  (*Id.* at 424-25.)  He emphasized that discovery in this case had only been open for four months at the time Defendants filed their dispositive motion.  (*Id.* at 427.)

In response, Defendants emphasized that this case was filed over two years ago and that Fleming had already been given a sufficient opportunity to conduct discovery.  (DN 50.)  Given Fleming's pending motion to remand, they also argued that "it makes little sense to conduct further discovery if the case is to be sent back to state court."  (*Id.* at PageID # 481.)  They argued that Fleming had not demonstrated he diligently pursued discovery as required by Fed. R. Civ. P.

16(b)(4) in order to warrant an extension and that Fleming should not benefit from "do[ing] nothing until the eleventh hour and not until after [Fleming] was facing a fully briefed, timely filed dispositive motion." (*Id.* at 482-83.)  Defendants also argued the existence of prejudice to them or lack thereof should not be dispositive in the Court's analysis of Fleming's request given Fleming's previous lack of diligence. (*Id.* at 486-87.)

## II.     DISCUSSION

### A.     Legal Standard

Pursuant to Fed. R. Civ. P. 16(b)(4), upon a timely motion, the Court may amend the Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  In evaluating whether a party has shown "good cause," the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); s*ee also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

### B.     Analysis

The Court concludes that Fleming has demonstrated sufficient good cause to justify a limited extension of the discovery period.  Both Parties are incorrect about the amount of time discovery has been open in this case.  Defendants seem want the Court to penalize Fleming for failing to seek discovery since he filed his Complaint while Fleming appears to contend that he could not seek any discovery until the Court entered its August 5, 2020, scheduling order.  Fed. R. Civ. P. 26(d)(1) provides that generally "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).  The Parties met

pursuant to Rule 26(f) on May 29, 2020, and, thus, could have begun to take discovery at any point after that date, including prior to the Court's entry of a scheduling order on August 5, 2020. At the time Defendants' dispositive motion was filed on November 24, 2020, Fleming had had six months to conduct discovery and had not done so. However, he still had approximately forty-five days under the terms of the schedule the Parties proposed to seek discovery. The Parties then requested a joint extension of the discovery period through March 15, 2021, and Fleming did serve written discovery sufficiently in advance of that date that responses would have been due prior to the expiration of the discovery period. Defendants simply chose not to respond to those requests in lieu of the instant motion practice. The Court sees no reason to penalize Fleming for choosing to take advantage of the full length of the discovery period to which the Parties agreed.

Defendants' position seems to be largely based on their pending dispositive motion. However, they produced no authority to support that the mere filing of a dispositive motion absolved them of their responsibility to respond to the discovery served by Fleming or is sufficient in this case for the Court to stay discovery. While their pending dispositive motion may resolve the matter, it also could be denied, at which point it would be necessary to complete the discovery Fleming now seeks to take prior to moving forward with any trial in this matter. Though Defendants' response relied in part on the merits of its dispositive motion as support for its requested relief, the Court will not address those merits in the instant motion, nor will the Court address Fleming's Rule 56(d) argument that he needed additional discovery prior to being able to fully respond to Defendants' motion. The merits of that dispositive motion are not for the undersigned's consideration, and the undersigned will thus leave both those merits and the decision of whether the additional topics of discovery Fleming contended he needs preclude entry of summary judgment to the District Judge. Nonetheless, the undersigned is not persuaded that the

mere existence of that dispositive motion is sufficient to pause discovery in this case.  Likewise, the existence of the motion to remand does not appear to justify a stay of discovery given that the Parties fundamentally disagree on whether additional discovery would be needed even if the matter were to be remanded to state court.

Here, Fleming's written discovery requests were served sufficiently in advance of the fact discovery deadline that Defendants could have responded to them without requiring extension of the same.  Likewise, his request to depose the named Defendants were made sixty days before the fact discovery deadline.  Defendants have not sufficiently demonstrated that these depositions could not be accomplished within that window if they had not objected to the same.  Therefore, the Court will grant Fleming's Motion to Amend the Scheduling Order and will extend the fact discovery deadline as set forth below.  Given that the Court has declined to stay discovery as requested by Defendants, Defendants should respond to the written discovery served by Fleming no later than thirty days following entry of this order or any later deadline on which the Parties can agree.

## III.    ORDER

IT IS HEREBY ORDERED that Fleming's Motion to Amend Scheduling Order (DN 48) is **GRANTED**.  The Parties shall complete all fact discovery no later than **July 30, 2021**. Defendants shall respond to Fleming's written discovery requests within **thirty days** from entry of this Order or by any later deadline on which the Parties can agree.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

April 22, 2021

6