UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GLEN FLEMING                                                                    Plaintiff

v.                                                      Civil Action No. 3:19-cv-00125-RGJ

DONNIE TINNELL, et al.                                                      Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Glen Fleming's ("Fleming") Motion to Remand [DE 37] and Defendants Floyd Cook, Dale Pressley, and Donnie Tinnell's (collectively "Defendants") Motion for Summary Judgment. [DE 31]. Briefing is complete. [DEs 45, 36]. These matters are ripe. For the reasons below, the Motion to Remand is **DENIED** and the Motion for Summary Judgment is **GRANTED**.

## I.        BACKGROUND

Fleming brings this action for malicious prosecution against Defendants. [*See* DE 19 at 193]. In the prosecution underlying his claim, Fleming "was arrested when, pursuant to an undisputedly valid search warrant, officers appeared at [Fleming]'s real property, owned by [Fleming] for more than thirty years, and found one pound of marijuana therein while [Fleming] was present on the property." [DE 31-1 at 292]. When law enforcement arrived at Fleming's property, he was "the only individual present that owned the real property where the illegal drugs were found[,]" and he currently "continues to own the property and continues to operate said business." [*Id.* at 293]. Fleming's first name, Glen, appears on "the sign on the building where the drugs were found[, which] reads 'Glen's Auto Clinic.'" [*Id.*].

1

At the time of his arrest, Fleming explained to law enforcement "that he was selling his business to two other individuals who were also present at the raid, Mahammed N. Mahammed and Elvin Mustic." [DE 19 at 195]. During this encounter, Fleming

> indicated . . . that he was closing up and selling [his business] to Mahammed and Mustic. He further explained that he had already moved out of the building except for some personal items in the front office which he was there to remove from the premises. He also informed [Agent Reccius] that he had no knowledge of any marijuana which the agent . . . [told him] was located in a back room of the premises.

[*Id.* at 195-95]. Fleming "was charged with "felony Trafficking in Marijuana, in excess of eight (8) ounces." [DE 36 at 345]. When he "appeared for his preliminary hearing on December 18, 2017, . . . the case against him was dismissed[.]" [*Id.*]. "Two days later, Mr. Fleming" was indicted by a grand jury for "felony Trafficking in Marijuana, in excess of eight (8) ounces." [*Id.*]. "The only witness who testified before the grand jury was Defendant Pressley." [*Id.* at 346]. Fleming's indictment was "dismissed on February 18, 2018" upon the Commonwealth's motion to dismiss without prejudice. [*Id.*]; [*see also* DE 36-3 at 361].

Fleming filed a Complaint in Bullitt Circuit Court on December 11, 2019. [DE 1-2 at 6]. Defendants removed the matter to this Court on February 19, 2019. [DE 1 at 1]. One week later, Defendants moved to dismiss [DE 5] and Fleming then moved to amend his Complaint. [DE 13]. This Court granted Fleming's motion to amend on March 16, 2020, and Fleming filed his Amended Complaint on March 23, 2020. Several months later, Defendants filed the present motion for summary judgment, [DE 31], and on the same day that he responded, [DE 36], Fleming moved to remand this case to Bullitt Circuit Court. [DE 37]. The deadline for fact discovery is currently set for July 30, 2021. [DE 51].

## II.     ANALYSIS

Because the Court must first ensure it has jurisdiction, it will address Fleming's Motion to Remand, then Defendants' Motion for Summary Judgment.

a.   <u>Motion to Remand</u>

Federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USCS § 1331. This is commonly called federal question jurisdiction, and courts use the "well-pleaded complaint rule" to determine whether this jurisdiction is proper. *Obeid v. Meridian Auto. Sys.,* 296 F. Supp. 2d 751, 752 (E.D. Mich. 2003) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)). Under federal question jurisdiction, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)).

"Generally, if the federal claims are dismissed before trial, … the state claims should be dismissed as well." *Id.* (quoting *Taylor v. First of Am.Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)) (internal quotations omitted). "Dismissal is not mandatory, however, because supplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *Id.* (quoting *Taylor*, 973 F.2d at 1287). The Sixth Circuit has instructed that

> "'[a] trial court must balance the interests . . . when deciding whether to resolve a pendent state claim on the merits.'" *Long*, 201 F.3d 754, 758 (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991) (quoting *Province v. Cleveland Press Publishing Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986)). "A

district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). The court also may consider whether the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.").

*Harper*, 392 F.3d at 211. The Sixth Circuit upheld a district court's refusal to remand a case when it "had been on the district court's docket for a substantial amount of time (11 months); the parties had completed discovery; [the plaintiff] did not abandon his federal claim until he filed his amended complaint; and Defendants' summary judgment motions were ripe for decision." *Id.*

The *Harper* analysis is on point with the posture of Fleming's Motion to Remand. Fleming removed to this Court on February 19, 2019, [DE 1], and his Amended Complaint was filed on March 23, 2020. [DE 19]. Fleming did not file his Motion to Remand until over nine months later. [DE 37]. Additionally, Defendants' Motion for Summary Judgment was filed one month before Fleming's Motion to Remand; [DE 31]; in fact, Fleming responded to the Motion for Summary Judgment on the same day that he filed his Motion to Remand. [DEs 36, 37]. Further, with the fact discovery deadline less than one month away, discovery is almost complete. [DE 51 at 496].

In total, this matter has been pending in federal court for over two years. [*See* DE 1]. The timing of Fleming's Motion on the same day as his Response to the Motion for Summary Judgment raises suspicion, and thus weighs against remand. *See Harper*, 392 F.3d at 211. Finally, Fleming's Motion to Remand acknowledges that at the time this case was removed, "removal . . . was proper[,]" and that "supplemental jurisdiction over state law claims may continue even after the

dismissal of the underlying federal question[,] . . . [h]owever, such jurisdiction is explicitly recognized as discretionary." [DE 37 at 369, 371] (citing *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009)). While Fleming's only remaining claims are matters of state law, the timing of his Motion to Remand, the duration of this case's pendency before this Court, and the fast-approaching discovery deadline all weigh against remand. As a result, this Court has subject matter jurisdiction over this matter and Fleming's Motion to Remand [DE 37] is **DENIED**.

> b. Motion for Summary Judgment

Defendants seek summary judgment on Fleming's sole claim against them. [DE 31 at 282]. Fleming agrees that "only state law tort claims for malicious prosecution remain to be decided by this [C]ourt." [DE 36 at 342].

The Supreme Court of Kentucky has stated that "[a] malicious prosecution action may be established by showing that:

1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
2) the defendant acted without *probable cause*;
3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; . . .
4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
5) the plaintiff suffered damages as a result of the proceeding.

*Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2017) (emphasis original). "Where sufficient undisputed facts show probable cause, the question is one of law for the court." *Reid v. True*, 302 S.W.2d 846, 848 (Ky. App. 1957) (citing *Stearns Coal Co. v. Johnson*, 238 Ky. 247 (1931)). "The plaintiff in a malicious prosecution action has the burden of establishing a lack of probable cause." *Whitlock v. Haney*, 2012 Ky. App. Unpub. LEXIS 64, at *8 (Ky. App. 2013) (citing *Collins v. Williams*, 10 S.W.3d 493, 496 (Ky. App. 1999)).

"Kentucky courts have expressed the role of a grand jury indictment as to the element of probable cause in malicious prosecution cases many times: 'When a grand jury, upon other testimony than that of the prosecutor alone, find an indictment to be a true bill, the presumption is prima facie that, as they, on their oaths, have said that the person indicated is guilty, the prosecutor had reasonable grounds for the prosecution.'" *Davidson v. Caster-Knott Dry Goods Co.*, 202 S.W.3d 597, 607 (Ky. App. 2006) (quoting *Conder v. Morrison*, 275 Ky. 360 (Ky. 1939)). "Courts have applied this same principal against police officer defendants." *Powell v. Cornett*, 2013 U.S. Dist. LEXIS 56175, at *13 (W.D. Ky. Apr. 18, 2013) (citing *Davis v. McKinney*, 422 Fed. App'x 442, 443 (6th Cir. 2011)).

Fleming argues that the presumption of probable cause does not apply because "[t]he Bullitt County indictment was supported only by testimony of Defendant Pressley[,]" [DE 36 at 349], and the presumption is only triggered when the grand jury's indictment is found "upon other testimony, than that of the prosecutor alone[.]" *Conder v. Morrison*, 121 S.W.2d 930, 931 (Ky. App. 1938). Fleming's conclusion is misstated because Defendant Pressley was not the prosecutor seeking the indictment; he was a Deputy that interrogated Fleming then testified at his grand jury proceeding. [DE 36 at 345, 349]. Thus, the grand jury's indictment was not supported exclusively, or at all, by the testimony of the *prosecutor*. As a result, the grand jury's return of an indictment still triggers the presumption that probable cause existed. *See Conder*, 121 S.W.2d at 931.

Defendants argue that they "are entitled to summary judgment on [Fleming]'s claims because it now cannot be disputed that there existed probable cause to arrest [Fleming] for the crime for which he was arrested and indicted by a grand jury." [DE 31-1 at 290]. Fleming argues that he requires additional discovery to "prove genuine issues of material fact as to probable cause, including, but not limited to, the communications between Defendants and Defendants'

6

communications with the Commonwealths' Attorney leading to Mr. Fleming's prosecution." [DE 36 at 352]. Fleming admits that he was arrested during the execution of a search warrant at a property which he owned. [*Id.* at 350]. He argues, however, that probable cause did not exist because he was not named in the search warrant, he had leased the premises of his auto clinic to other individuals, and the marijuana was in a locked room to which Fleming did not possess a means of entry. [*Id.*]. Further, Fleming "has engaged in significant political activity in Bullitt County," including opposing Defendant Tinnell's "appointment as Sheriff of Bullitt County." [*Id.* at 354]. Fleming argues that "his arrest and subsequent prosecution for trafficking marijuana [can be attributed] to his opposition to Defendant Tinnell's appointment." [*Id.*].

While "[i]t is true the plaintiff had a reasonable explanation" as to why the marijuana underlying his arrest was not his, "the guilt or innocence of the accused is not material on the question of probable cause." *Reid*, 302 S.W.2d at 848. As the Kentucky Court of Appeals has explained:

> Whether or not the plaintiff's story was true, we need not determine. It may be assumed that the circumstances were as the plaintiff presented them. Be that as it may, the question here is whether or not the defendant[s] could reasonably reject plaintiff's possible explanations and instead draw [their] own conclusion from the undisputed facts.

*Id.* "An examination of the[] undisputed facts convinces" this Court that "there was strong circumstantial evidence" supporting probable cause. *Id.* Fleming was the legal owner of the property subject to the search warrant. [DE 36 at 350]. There were no documents memorializing the deal he had to lease the premises to others. [*Id.* at 344]. He was present on the premises when the search warrant was executed and the marijuana was found. [*Id.* at 350].

"Probable cause is a relatively low standard based on 'the practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Commonwealth*

*v. Bennett*, 553 S.W.3d 268, 271 (Ky. App. 2018). Because "sufficient undisputed facts show probable cause," the Court finds that probable cause existed to arrest Fleming. *See Reid*, 302 S.W.2d at 848. Further, the grand jury's indictment against Fleming created a rebuttable presumption that probable cause existed, *see Davidson*, 202 S.W.3d at 607, and Fleming has failed to rebut that presumption.

Fleming's request for additional discovery will not negate the existence of probable cause, because "[i]f there be probable cause, [even] though the charge or claim be false, and therefore unjust or wrongful, the most express malice will not be sufficient." *Bannon v. McDonald*, 270 Ky. 364, 366 (1937). "Therefore, [Fleming's] allegation that the [Defendants] had maliciously, or falsely, or unjustly or wrongfully, instituted the former proceeding will not supply the want of the allegation that [they] did it without probable cause[.]" *Id.* The Court has determined that probable cause existed on the undisputed facts supporting Fleming's indictment. Thus, Fleming's suggestion that his arrest and indictment resulted from "his opposition to Defendant Tinnell's appointment," [DE 36 at 354], does not negate the probable cause that existed at the time of Fleming's indictment. Because Defendants had probable cause to initiate a prosecution against Fleming, his claim for malicious prosecution fails as a matter of law. As a result, Defendants' Motion for Summary Judgment [DE 31] is **GRANTED**.[1]

## CONCLUSION

Having thus considered the parties' filings and applicable law, and being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Defendants' Motion for Summary Judgment [DE 31] is **GRANTED**;

---

[1] The Court need not consider the parties' arguments for qualified immunity because Fleming's substantive claim fails as a matter of law.

(2) This Matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's active

docket;

(3) The Court will enter a separate Judgment.

Rebecca Grady Jennings, District Judge

United States District Court

August 2, 2021